10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *STEVEN GREGORY SANCHEZ,* | § | |
| Petitioner, | § | |
| | § | |
| *v.* | § | CIVIL ACTION NO.  B-00-117 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Gary L. Johnson, Director, Texas Department of Criminal

Justice, Institutional Division, hereinafter "the Director," by and through his attorney, the

Attorney General of Texas, and files this his Motion  for Summary Judgment with Brief in

Support.  In support thereof, the Director would respectfully show the court the following:

### I.

### JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28

U.S.C. §§ 2241, 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by Petitioner, Steven

Gregory Sanchez, ("Sanchez"), except those supported by the record and those specifically

admitted herein.

## III.

## STATEMENT OF THE CASE

### A.    *Course Of Proceedings And Disposition Below*

The Director has lawful custody of Sanchez pursuant to a judgment and sentence from the 107th District Court of Cameron County, Texas, in cause number 92-CR-1384-A, styled *The State of Texas v. Steven Gregory Sanchez. Ex parte Sanchez*, Application No. 40, 725-01 at 90-95.   Sanchez was charged by indictment with the felony offense of murder with a deadly weapon, which occurred on March 11, 1992, four prior convictions were alleged for enhancement of punishment. *Id.* at 105-06.   Sanchez pleaded not guilty, but on March 23, 1993, a jury found him guilty of murder with a deadly weapon, the jury also found the enhancement paragraphs to be true. *Id.* at 90-94.   On the same day, Sanchez was sentenced as a habitual offender to ninety nine years imprisonment in the Texas Department of Criminal Justice, Institutional Division, ("TDCJ-ID").   *Id.*

Sanchez appealed his conviction to the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, which on January 18, 1996, affirmed his conviction in an unpublished opinion. *Sanchez v. State*, No. 13-93-350-CR. *Ex parte Sanchez*, No. 40,725-02 at 136-153 (copy of slip opinion).   Sanchez then filed an application for state writ of habeas corpus requesting the right to file an out-of-time petition for discretionary review, ("PDR"), with the Texas Court of Criminal Appeals. *Ex parte Sanchez*, Application No. 40,725-01.   The Texas Court of Criminal Appeals on March 31, 1999, granted relief and granted Sanchez leave to file an out-of-time PDR. *Ex parte Sanchez*, No. 73,355; *see* opinion, attached hereto as "Exhibit A".   Sanchez then filed his PDR[1] with the Texas Court of Criminal Appeals, which

---

[1]  As of the date on this motion, the Director has not received the complete appellate record involved in this case, including Sanchez's PDR.   The information relating to the PDR has been derived through the trial court's opinion in Sanchez's second state habeas application. *Ex parte Sanchez*, Application No. 40,725-02 at 127.   The trial judge in his opinion states that he has reviewed Sanchez's *pro se* PDR, and through this opinion the Director is able to ascertain the contents of the PDR. *Id.* at 127, 128.

was refused by the court on September 22, 1999. *See* affidavit from Clerk at the Texas Court of Criminal Appeals, attached hereto as "Exhibit B". Sanchez then filed a second application with the Texas Court of Criminal Appeals, which denied the application without written order on May 31, 2000. *Ex parte Sanchez*, Application No. 40,725-02 at cover. This proceeding followed.

### B.  Statement of Facts

A recitation of the facts of Sanchez's crime are unnecessary for the disposition of this motion.

### IV.

### PETITIONER'S ALLEGATIONS

The Director understands Sanchez to raise the following allegations:

1.  Trial court committed error by failing to read the enhancement allegation to the petitioner and have him enter his plea;

2.  Trial court committed error by overruling his objection to the enhancement allegation, because there was no notice to him that a prior conviction would be relied upon for enhancement in connection with the primary offense;

3.  Trial court committed error by failing to prove that petitioner was the same person who had been convicted in cause number 75-8-304, paragraph four, a prior offense committed by Santos Acames;

4.  Trial court committed error when there was a material and fatal variance between the date alleged in the prior conviction and the date proved;

5.  Trial court committed error by proceeding with the enhancement of punishment when the state failed to meet the burden of proof to enhance punishment where the proof did not show that the petitioner's prior conviction in cause number 6025, W86-01-010-CR was final;

6.  Trial court committed error by proceeding with the trial where the state failed to elect one count from the two count murder indictment in cause number 92-CR-1364-A;

CG/PDF - www.taxiso.com

7.   Trial court committed error by overruling petitioner's timely requested special charge with instruction on "accomplice testimony";

8.   Trial court committed error by failing to instruct the jury on the law of parties and the party theory of criminal responsibility;

9.   Trial court committed error when it allowed the prosecution to improperly admit, over object, evidence at the punishment phase;

10.  Trial court committed error by obtaining a conviction against petitioner where there was no evidence to support conviction for alleged murder beyond reasonable doubt, where petitioner denied committing the offense and another individual bragged of committing it;

11.  Trial court erred in failing to grant petitioner's timely motion for a new trial;

12.  Trial court committed error by failing to grant motion for a mistrial because of prejudicial conduct of prosecuting attorney in persistently disregarding trial court's ruling; and

13.  He did not receive effective assistance of counsel throughout trial.

## V.

## STATE COURT RECORDS

The Director will forward Sanchez's state writ records filed in *Ex parte Sanchez*, Application No. 40,725-02, *Ex parte Sanchez*, No. 73,355, and Sanchez's direct appeal records as soon as they are reproduced.

## VI.

## EXHAUSTION

The Director believes that Sanchez has exhausted his state court remedies with respect to the allegations contained in claim number thirteen, as enumerated in section IV, *supra*, due to their presentation to the Texas Court of Criminal Appeals by way of state writ application. However, Sanchez's claims one through twelve, enumerated in section IV, *supra*, have not been addressed by the Texas Court of Criminal Appeals. Nevertheless, as demonstrated below, the Director believes these allegations must be considered exhausted because it would

4

be futile for Sanchez to attempt to raise this claim in state court at this time. *See* discussion *infra* part VII.B. For these reasons, the Director does not move to dismiss for failure to exhaust state court remedies.

## VII.

## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### A.    *Standard of Review*

Sanchez filed the instant petition with the court on July 18, 2000, Fed. Writ Petition at 1; therefore, his petition is subject to review under the recent amendments to the habeas corpus statutes, embodied within the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). 28 U.S.C. § 2254 (1996); *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997) (holding that the AEDPA applies to petitions filed on or after its effective date, April 24, 1996). Under the amended § 2254, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1996).    A state court decision may be "contrary to" Supreme Court law in two ways: First, if the state court arrives at a conclusion opposite of the Supreme Court on a question of law. *Williams v. Taylor*, ___ U.S. ___, ___, 120 S. Ct. 1495, 1519 (Apr. 18, 2000). Second, if the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite conclusion. *Id.*, (citing *Green v. French*, 143 F.3d 865, 869-870 (1998)). In determining whether a state court decision involves an "unreasonable application" of Supreme Court law, a federal habeas court's "inquiry should ask whether the state court's application of clearly established federal

5

law was objectively unreasonable." *Id.,* ___ U.S. at ___, 120 S. Ct. at 1521.  Under this clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, the application must also be unreasonable." *Id.,* ___ U.S. at ___, 120 S. Ct. at 1522.

Moreover, on review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence."  28 U.S.C.A. § 2254(e)(1) (West 1996).

### B.   *Sanchez claims 1-12 are procedurally barred from federal habeas corpus review.*

Sanchez's raises various allegations in claims 1-12, however these claims are procedurally barred from federal habeas corpus review.  Sanchez first raised these claims in his second application for state writ of habeas corpus.  *Ex parte Sanchez,* No. 40,725-02 at 2-80.[2]

When addressing these first twelve claims, the trial court found that they were procedurally barred because they had not been raised on direct appeal.  *Ex parte Sanchez,* No. 40,725-02 at 128-29.  The trial court, specifically found as follows:

"2.    Grounds 1-12 cannot be sustained.  As noted, a writ's purpose is only to determine the lawfulness of confinement; it is not a substitute for appeal.  **Ex parte McGowen,** 645 S.W.2d 286, 288 (Tex. Crim. App. 19830; **State v. Young,** 791 S.W.2d 176, 177 (Tex. App.–Hous. [1st Dist.} 1990), aff'd, 810 S.W.2d 221 (Tex. Crim. App. 1991).   Generally, claims that could have been raised on direct appeal are not cognizable in a post-conviction application.  See **Ex parte Gardner,** 959 S.W.2d 189, 199 (Tex. Crim. App. 1998)(op. on reh'g); **Ex parte Goodman,** 816 S.W.2d at 385; See **Ex parte McLain,** 869 S.W.2d 349, 350 (Tex. Crim. App. 1994, *en banc*)[in a collateral attack, an applicant is procedurally barred, or has defaulted, from

---

[2]  The allegations, (1-12) enumerated in section IV, *supra,* and presented in Sanchez's federal writ petition, are verbatim the same allegations presented in the same order as in his second application for state writ. Fed. Writ Petition, Attachment at 2; *see also Ex parte Sanchez,* No. 40,725-02 at 3.

6

raising issues through his failure to have raised them on direct appeal] and **Ex parte Groves,** 571 S.W.2d 888, 890 (Tex. Crim. App. 1978) and **Ex parte Benavides,** 801 S.W.2d 535, 537 (Tex. App.–Hous. [1st Dist.] 1990, pet. dism'd): neither a trial court nor an appellate court, either in the exercise of original or appellate jurisdiction, may entertain an application for writ of *habeas corpus* where there is an adequate remedy at law. A review of Applicant's direct appeal and pro se petitions supports a finding of procedural bar, and Applicant did not explain why these Grounds were not previously-raised therein."

*Ex parte Sanchez,* No. 40,725-02 at 129. The Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover.

Federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991); *Harris v. Reed,* 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989); *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir.), *cert. denied,* 516 U.S. 1005, 116 S. Ct. 557 (1995). For a claim to be barred, the state court's opinion must contain a "plain statement" that its decision rests upon adequate and independent state grounds. *Harris,* 489 U.S. at 263-66, 109 S. Ct. at 1042-45. In addition, if the state court explicitly invokes a procedural bar and alternatively reaches the merits of a defendant's claims, a federal court is still bound by the state procedural default. *Harris,* 489 U.S. at 264 n.10, 109 S. Ct. at 1044 n.10. Moreover, when the last court to render judgment does not disclose the basis for its opinion, a federal court will presume that the unexplained order follows the same reasoning as a prior state judgment, unless the petitioner adduces strong evidence to rebut the presumption. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S. Ct. 2590, 2595 (1991), *cert. denied,* 115 S. Ct. 327 (1994); *Goodwin v. Collins,* 910 F.2d 185, 187 (5th Cir. 1990), *cert. denied,* 501 U.S. 1253, 111 S.Ct. 2896 (1991).

Finally, where a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider

the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. A miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339-40, 112 S. Ct. 2514, 2519 (1992); *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994), *cert. denied*, 513 U.S. 841, 115 S. Ct. 129 (1995).

Therefore, because the denial of claims one through twelve was based upon an adequate and independent state procedural rule, these allegations are procedurally barred unless he can demonstrate cause and prejudice or a miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. Moreover, Sanchez has not shown cause and prejudice or that he is actually innocent of the crime for which he was convicted. Thus, the first twelve allegations raised in the instant petition are procedurally barred from federal habeas corpus review.

### C.   *Sanchez was not denied effective assistance of counsel.*

Sanchez raises various claims of ineffective assistance of counsel at trial. Fed. Writ Petition, Attachment at 82-85. However, Sanchez fails to make the required showing, and therefore is not entitled to relief.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must meet a two-prong test by showing that counsel's performance was deficient and that the deficient performance of counsel prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A reviewing court may dispose of the claim upon finding that either prong of the test has not been met. *Id.* at 697, 104 S. Ct. at 2069-70.

To satisfy the first prong of the *Strickland* standard, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064. This objective standard includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. In order to satisfy the prejudice prong of

8

*Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Moreover, it is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his petition. *Hill*, 474 U.S. at 58, 106 S. Ct. at 370. Unreliability or unfairness does not result if the effectiveness of counsel does not deprive the defendant of any substantive or procedural rights to which he is entitled. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993). Thus, a significant showing of prejudice is required. *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1709 (1995).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate ineffectiveness by a preponderance of the evidence. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir.), *cert. denied*, 115 S. Ct. 432 (1994); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028, 105 S. Ct. 447 (1984). In determining the merits of an alleged Sixth Amendment violation, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell below the bounds of prevailing objective professional standards. *Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2064-65. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy," *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921, 113 S. Ct. 3035 (1993), and every effort must be made to eliminate the "distorting effect of hindsight." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

It is well-settled as a matter of law that conclusory allegations in support of a claim of ineffectiveness of counsel, unsupported by any specific facts, do not merit federal habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1988) (stating that "[a]bsent evidence

9

in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else in the record, to be of probative evidentiary value"). In addition, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross*, 694 F.2d at 1012. The Supreme Court has noted that a petition that presents "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977).

> ### i.   *Sanchez's claim that counsel failed to independently investigate the facts of the case is without merit.*

Sanchez claims that his trial counsel was ineffective because he failed to conduct an independent investigation of the facts of the case. Fed. Writ Petition, Attachment at 81-83. Sanchez argues that due to this failure, his trial counsel was unaware of the fact that there was a third search conducted and that a letter existed that was introduced into evidence and was critical to his defense. Fed. Writ Petition, Attachment at 81-83. Sanchez contends that there were more merits to his defense that were not presented at trial, and that because of his counsel's ineffectiveness he was unprepared to render effective assistance during trial. Fed. Writ Petition, Attachment at 81-83.

However, Sanchez does not offer any evidence that counsel did not investigate the case prior to going to trial. The only reference made by Sanchez is regarding the existence of a third search warrant that derived a letter apparently written by Sanchez. Fed. Writ Petition, Attachment at 82. Sanchez also cites to the statement of facts of the trial court proceedings as support for his claim. Fed. Writ Petition, Attachment at 82. The referenced citation surrounds his trial counsel's objection to the admission of evidence derived from a third search warrant. VII SF 425-34.[3] Sanchez apparently focuses on the letter, but never

---

[3] 'SF' refers to the trial court's statement of facts preceded by the volume number, and followed by the page number.

reveals its contents and as to what made the letter harmful, and how a previous investigation would have resulted in the exclusion of it as evidence. Fed. Writ Petition, Attachment at 83. Sanchez however, aside from stating that "there were merits to his defense that were not presented at trial", really does not specify what the missing evidence was, why it would have been available with a more 'thorough' investigation, and how he was prejudiced by this omission. Fed. Writ Petition, Attachment at 83. Moreover, Sanchez does not states which merits to his defense were omitted. Fed. Writ Petition, Attachment at 83. Therefore, his claims are conclusory. *See Nichols v. Scott*, 69 F.3d 1255, 1286 (5th Cir. 1995) (allegations that counsel's overall performance, including the general lack of any investigation, denied petitioner effective assistance of counsel and that Counsel's trial strategy was unreasonable, in that it was not based on an adequate investigation were "plainly inadequate to raise a constitutional issue"), *cert. denied*, 518 U.S. 1022, 116 S. Ct. 2559 (1996). *See also, United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (defendant failed to produce the affidavit of the uncalled witness), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534 (1984). Of course, Sanchez is not entitled to supplement the factual development of his claims with evidence not presented to the state habeas courts where this claim was raised. 28 U.S.C. § 2254(e)(2); *Woods v. Johnson*, 75 F.3d 1017, 1029 n.16 (5th Cir.), *cert. denied*, __ U.S. __, 117 S. Ct. 150 (1986). Additionally, the trial court also found that Sanchez failed to prove that his trial counsel had failed to adequately investigate the State's case.. *Ex parte Sanchez*, No. 40,725-02 at 132. By denying Sanchez's application, the Texas Court of Criminal Appeals agreed with the trial court's decision that Sanchez's claims were without merit. *Id.* at cover. The state court's finding is presumed correct, and Sanchez has offered nothing to rebut this presumption. 28 U.S.C. § 2254(e)(1) (1996). Furthermore, regardless of whether Sanchez's trial attorney failed to investigate, Sanchez has failed to prove what a proper investigation might have unearthed; and more importantly, he has not shown how this might have changed the outcome of his trial. Fed. Writ Petition, Attachment at 81-83. Therefore

11

Sanchez has failed to prove prejudice regarding this claim, and habeas relief must be denied. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

### ii     *Sanchez's claim that his counsel failed to object properly is without merit.*

Sanchez also claims that his trial counsel in stating his objection to a particular line of questioning, wrongfully stated that the testimony was 'unsolicited' versus 'solicited', and as such waived the error for appeal. Fed. Writ Petition, Attachment at 83. This claims is also conclusory and wholly without merit. Sanchez is correct that his trial counsel described the testimony in question as 'unsolicited'. VI SF 160-61. However, Sanchez fails to offer any statements to support his claim, nor does he in any other way demonstrate how trial counsel's use of this particular term was erroneous and more importantly, that it prejudiced him. VI SF 160-61. Additionally, the record clearly indicates that Sanchez's trial counsel's objection was noted on more the one occasion onto the record, and thus preserved for appeal. VI SF 160-63. Furthermore, none of the pages cited to by Sanchez reveal any mistake by trial counsel, nor any prejudice directly attributable to trial counsel. VI SF 160-64. Therefore, this claim is wholly conclusory. *Ross*, 694 F.2d at 1012 (5th Cir. 1988) ("[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else in the record, to be of probative evidentiary value"). Therefore, Sanchez claims is not only conclusory, but also without merit. This claim was addressed by the trial court, and in denying his claim found that Sanchez had failed to prove prejudice in that he had failed to prove that appellate review of this issue would have resulted in reversal for a new trial or acquittal. *Ex parte Sanchez*, No. 40,725-02 at 132-33. The Texas Court of Criminal Appeals agreed with the trial court's decision and also denied Sanchez's claim. *Id.* at cover. The state court's finding is presumed correct, and Sanchez has offered nothing to rebut this presumption. 28 U.S.C. § 2254(e)(1) (1996).

### iii    The cumulative acts or omissions are insufficient to meet the *Strickland* test for ineffective assistance of counsel.

Sanchez alleges that the combined action of his counsel throughout his trial is substantially ineffective to meet the *Strickland* standard. Fed. Writ Petition, Attachment at 83. Sanchez however fails to specify what other acts or omissions aside from those discussed in the instant petition rise to the level of ineffective assistance by his counsel. As such, these claims are conclusory and relief should be denied.

Moreover, this claim as well was presented in Sanchez's state writ application, application which was denied by both the trial court and the Texas Court of Criminal Appeals. *Ex parte Sanchez*, No. 40,725-02 at 84, 129-34, cover. The state courts in denying Sanchez's application have found that his counsel was not ineffective. *Id.* The state court's finding is presumed correct, and Sanchez has offered nothing to rebut this presumption. 28 U.S.C. § 2254(e)(1) (1996).

### iv    Sanchez's claim that he received ineffective assistance of counsel during the punishment stage is meritless.

In his fourth allegation, Sanchez claims that at the punishment stage, his trial counsel wrongfully allowed the state to introduce into evidence exhibits which contained the judgements of convictions in his criminal history. Fed. Writ Petition, Attachment at 84. Sanchez argues that several of the convictions introduced were faulty because they were not authenticated or were invalid on their face. Fed. Writ Petition, Attachment at 84-85. Sanchez states that the prosecutor used these prior convictions during final argument to persuade the jury that the petitioner was incapable of being rehabilitated and should be incarcerated for the rest of his life. Fed. Writ Petition, Attachment at 84-85. This claim as well is also without merit and conclusory.

First of all, Sanchez fails to specify or cite to the record to support his allegations that prior convictions were invalid or unauthenticated. Fed. Writ Petition, Attachment at 83-85. He states in his petition that the conviction contained in paragraph two is invalid, but he does

13

not state how or why it is invalid. Fed. Writ Petition, Attachment at 84; *see also Ex parte Sanchez*, No. 40,725-02 at 105. Secondly, he also fails to state or cite to the record to support his claim that his counsel did not take appropriate steps to keep these prior convictions from being introduced. Fed. Writ Petition, Attachment at 83-85. Lastly, Sanchez has not demonstrated how he was prejudiced, especially in light of the fact that the jury at this point had already found him guilty of murder with a deadly weapon. Fed. Writ Petition, Attachment at 83-85. Additionally, as pointed out by the trial court, the fact that the offense was of such a 'cold-blooded nature', Sanchez has not shown that the jury would have given him a lighter sentence, and as such he has failed to state or show prejudice. *Ex parte Sanchez*, No. 40,725-02 at 133. Therefore, these claims are also conclusory. *Ross*, 694 F.2d at 1012. ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Additionally, a review of the record concerning the punishment stage of the trial reveals that trial counsel made numerous objections and cross examined witnesses. XII SF 4-79. Additionally, the record shows that the State solely relied on the use of two of the four prior convictions for enhancement of punishment, that of rape in cause number 357286 and burglary of a building in cause number 357286. XIII SF 82; *see also Ex parte Sanchez*, No. 40,725-02 at 105. Therefore, any claim made by Sanchez regarding the use of the conviction contained in paragraph four of the indictment, that he claims was allegedly committed by someone other than him, is clearly without any merit because it was not used by the State and as such he was not harmed by it. Fed. Writ Petition, Attachment at 84. *See* XIII SF 82; *see also Ex parte Sanchez*, No. 40,725-02 at 105. As mentioned *supra*, this claim as well as all of the above listed claims were presented to the trial court and the Texas Court of Criminal Appeals by way of application for state writ. *Ex parte Sanchez*, No. 40,725-02 at 79-85. The trial court denied all of these claims finding that Sanchez had received effective assistance of counsel, and specifically that Sanchez had "failed to prove by a preponderance of the evidence that both of Strickland's prongs have been implicated at

14

either his guilt-innocence or punishment phases." *Id* at 134. The Texas Court of Criminal Appeals in reviewing these claims agreed with the trial court's decision that Sanchez's claims were without merit and also denied relief. *Id.* at cover. This was an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999). Sanchez has failed to make a showing that he was denied a federal constitutional right that would entitle him to federal habeas corpus relief on this issue. *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.), *cert. denied*, 484 U.S. 838, 108 S. Ct. 122 (1987). Sanchez has not shown that the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § (d) (1996). Therefore, Sanchez is not entitled to federal habeas relief.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Sanchez's petition for writ of habeas corpus be denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
For Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

\*CAROLYN MERCHAN
Assistant Attorney General
State Bar No. 90001364
Southern I.D. No. 24118

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Fax No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Mr. Steven Gregory Sanchez, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

CAROLYN MERCHAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Carolyn Merchan, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 8th day of August, 2000, addressed to:

Steven Gregory Sanchez, #640839
TDCJ - ID
Estelle Unit
264 FM 3478
Huntsville, Texas 77320-3322

CAROLYN MERCHAN
Assistant Attorney General

16

# EXHIBIT   A

CVISPDF – www.fasiso.com



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. 73,355

### EX PARTE STEVEN GREGORY SANCHEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAMERON COUNTY

*The opinion was delivered per curiam.*

## O P I N I O N

This is a post-conviction application for a writ of habeas corpus forwarded to this Court pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of the offense of murder in Cause Number 92-CR-1384-A in the 107th District Court of Cameron County. The conviction was affirmed by the Court of Appeals. Sanchez v. State, No. 13-93-00350-CR (Tex.App. - Corpus Christi, delivered January 18, 1996, no pet.). In the instant application Applicant contends he was denied his right to petition this Court for discretionary review due to his attorney's ineffective representation after the attorney had promised that such a petition would be

filed. The trial court agrees that Applicant should be accorded an out-of-time PDR. We agree with the recommendation since the record reflects that Applicant did not have the opportunity to petition for review in that he was not advised by counsel of that right.

Habeas corpus relief is granted and applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in Cause Number 92-CR-1384-A in the 107th District Court of Cameron County, Texas. The proper remedy in a case such as this is to allow the applicant to file his petition for discretionary review with the Court of Appeals within thirty (30) days of the issuance of the mandate of this Court in this cause. He may then follow the proper procedures in order that a meaningful appeal from his conviction may be taken.

DELIVERED March 31, 1999
EN BANC
DO NOT PUBLISH

# EXHIBIT   B

©McPDF – www.fastio.com

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found that the petition for discretionary review, **Cause No. 92-CR-1384-A**, in the name of **Steven Gregory Sanchez,** was refused on September 22nd, 1999.

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 16th day of November, 2000, A.D.

Troy C. Bennett, Jr., Clerk

By _Veronica Avellano_

Deputy Clerk