*11*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| STEVEN GREGORY SANCHEZ, Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. B-00-117 |
| GARY L. JOHNSON, DIRECTOR, Texas Department of Criminal Justice, Institutional Division, Respondent. | § § § | |

## PETITIONER'S OBJECTION TO RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Steven Gregory Sanchez**, the Petitioner, in pro-se, hereinafter in the above-styled and numbered cause, and files this his **'Petitioner's Objection To Respondent Johnson's Motion For Summary Judgment With Brief In Support,'** and in support thereof, will respectfully show this Honorable Court as follows:

I.

### JURISDICTION

This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. Secs. 2241 and 2254.

II.

### DENIAL

The Petitioner denies each and every allegation of fact made by Respondent, Gary L. Johnson, ("Respondent"), except those supported by the record and those specifically admitted herein.

III.

## STATEMENT OF THE CASE

### A.  Course Of Proceedings and Disposition Below

The Director has unlawful custody of Petitioner pursuant to a judgment and sentence from the 107th District Court of Cameron County, Texas, in cause number 92-CR-1384-, styled The State of Texas v. Steven Gregory Sanchez. Ex parte Sanchez, Application No. 40, 725-01. Petitioner was charged by indictment with the felony offense of murder with a deadly weapon, which occurred on March 11, 1992, four prior convictions were alleged for enhancement of punishment. Petitioner pleaded not guilty, but on March 23, 1993, a jury found him guilty of murder with a deadly weapon, the jury also found the enhancement paragraphs to be true. On the same day, Petitioner was sentenced as a habitual offender to ninety-nine (99) years imprisonment in the Texas Department of Criminal Justice, Institutional Division, ("TDCJID").

Petitioner appealed his conviction to the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, which on January 18, 1996, affirmed his conviction in an unpublished opinion. Sanchez v. State, No. 13-93-350-CR. Ex parte Samchez, No. 40, 725-02. Petitioner then filed an application for state writ of habeas corpus requesting the right to file an out-of-time petition for discretionary review, ("PDR"), with the Texas Court of Criminal Appeals. Ex parte Sanchez, Application No. 40, 725-01. The Texas Court of Criminal Appeals on March 31, 1999, granted relief and

-2-

CibPDF - www.fastio.com

granted Petitioner leave to file an out-of-time PDR. Ex parte Sanchez, No. 73,355. Petitioner then filed his PDR with the Texas Court of Criminal Appeals, which was refused by the court on September 22, 1999. Petitioner then filed a second application with the Texas Court of Criminal Appeals, which denied the application without written order on May 31, 2000. Ex parte Sanchez, Application No. 40, 725-02. This federal 2254 habeas proceeding followed.

### B.   STATEMENT OF THE FACTS

A true synopsis of the 'Statement of the Facts' are contained in the Petitioner's original 2254 habeas, which is before this Court, and to recited such facts in exposition form, would unduly lengthen this objection. Therefore, the 'Statement of the Facts,' are omitted for this reason only.

IV.

### PETITIONER'S GROUNDS FOR RELIEF

The Petitioner's grounds for relief are:

1. The trial court committed reversible error by failing to read the enhancement allegations to the petitioner and have him enter his plea;

2. The trial court committed reversible error by overruling petitioner's objection to the enhancement allegations, because (pleadings indefinite and uncertain) there was no notice to petitioner that a prior conviction would be relied upon for enhancement in connection with the primary offense for which he was on trial;

3. The trial court committed reversible error when failing to prove that petitioner was one and the same person who had been convicted in cause No. 76-8-304, paragraph four, a prior offense committed by Santos Adames, a conviction relied upon by the state for enhancement of punishment;

-3-

4. The trial court committed reversible error when there was a material and fatal variance between the date alleged in the prior conviction and the date proved;

5. The trial court committed reversible error by proceeding with the enhancement of punishment when the state failed to meet its burden of proof to enhance punishment where the proof did not show that the Petitioner's prior conviction in cause No. 6025, w86-01-₥10-CR, was final;

6. The trial court committed reversible error by proceeding with the trial where the state failed to elect one count from the two count murder indictment in cause No. 92-CR-1384-A;

7. The trial court committed reversible error by overruling petitioner's timely requested special charge jury instruction on "Accomplice Testimony";

8. The trial court committed reversible error by failing to instruct the jury on the law of parties and the party theory of criminal responsibility;

9. The trial court committed reversible error when it allowed the prosecution to improperly admit, over objection, evidence at the punishment phase;

10. The trial court committed reversible error by obtaining a conviction against the petitioner where there was no evidence to support petitioner's conviction for the alleged murder beyond a reasonable doubt, where the petitioner denied committing the offense and another individual bragged of committing said offense.

11. The trial court erred and abused its discretion in failing to grant diligent petitioner's timely motion for new trial;

12. The trial court committed reversible error by failing to grant petitioner's timely motion for mistrial because of prejudicial conduct of the prosecuting attorney in persistently disregarding the trial court's ruling; and

13. Petitioner did not receive reasonable effective assistance of counsel during the course of his criminal trial.

-4-

V.

## EXHAUSTION

The Petitioner has sufficiently exhausted his state remedies on the allegations contained in claims one through thirteen, due to their presentation to the Texas Court of Criminal Appeals by way of state writ application. Also, the Respondent does not move to dismiss for failure to exhaust state court remedies.

VI.

## I.   SUMMARY SCOPE OF HABEAS CORPUS REVIEW

Considering the most important of all writs, the habeas corpus ad-subjiciendum, the Great Writ, is established upon the goal of protecting individual liberty interests from governmental oppression. **FAY v. NOIA,** 372 U.S. 391, 400-01 (1963), overruled by **Stone v. Powell,** 428 U.S. 465 (1976). Its root principle is that no person should suffer illegal imprisonment. **Deters v. Collins,** 985 F. 2d 789 (5th Cir. 1993).

Habeas Corpus is available to a prisoner who is held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. Sec. 2241(c)(3)(1988). "[H]abeas Corpus lies to inquire into every constitutional defect in any criminal trial, where the petitioner remains 'in custody' because of the judgment in that trial, unless the error committed was knowingly and deliberately waived or constitutes mere harmless error." **Mackey v. United States, 401 U.S. 667, 685-86 (1971).**

## II.   ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA")

On April 24, 1996, the president signed into law the ("AEDPA"), significantly amending **28 U.S.C. Sec. 2254(d)** and deference a federal court it to give a state court's adjudication of habeas corpus claims. **28 U.S.C. Sec. 2254(d) (1996).** All federal habeas corpus applications filed after April 24, 1996, the effective date of the AEDPA, are subject to the new deference provisions of **Sec. 2254(d)** **Linda v. Murphy,** 521 U.S. 320, 117 S. Ct. 2059 (1997) (holding that the current version of 28 U.S.C. Sec. 2254(d) only applies to federal habeas corpus applications which filed after April 24, 1996, the effective date of the AEDPA).

Under the AEDPA, when a claim presented in a federal habeas corpus proceeding has been already adjudicated on the merits in a state proceeding, federal review is quite limited. **28 U.S.C. Sec. 2254(d)** provides:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be  granted with respect to any claim that was adjudicated on the merits in State court proceeding unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

The first clause of section 2254(d)(1), which authorizes habeas review by a federal court in the event of a state court "decision that was contrary to ... Clearly established Federal law," applies to questions of law. **Drinkard v. Johnson,** 97 F.3d 751, 768 (5th Cir. 1996), cert. denied. ___ U.S. ___, 117 Ct. 1114 (1997).; **Carter v. Johnson,** 110 F.3d 1098, 1103 (5th Cir. 1997), vacated for further consideration in light of **Lindh** ___ U.S. ___, 118 S. Ct. 409 (1997). The second clause of Section 2254(d)(1), which authorizes habeas review in the event the state court decision "involved an unreasonable application of [] clearly established Federal law," applies to mixed questions of law and fact. **Drinkard,** 97 F.3d at 767-68; **Carter,** 110 F.3d at 1103. Section 2254(d)(2), which authorizes habeas review in the event a state court decision is "'based on an unreasonable determination of the facts in light of the evidence,'" applies to questions of fact. **Drinkard,** 97 F.3d at 767; **Carter,** 110 F.3d at 1103.

With respect to state court findings on mixed questions of law and fact, which predominate federal habeas corpus proceeding such as this, the first issue to be resolved is "whether the state court's resolution of any legal questions underlying its decision . . . was contrary to clearly established federal law." **Drinkard,** 97 F.3d at 768. The next issue is "whether the state court's determination . . . involved an unreasonable application of [the] law to the

-7-=

facts of [the] case." **Id.**   An application of law to facts is "unreasonable" within the meaning of Sec. 2254(d)(1) only when it can be said that reasonable jurists considering the question would be one of view that the state court ruling was incorrect that it would not be debatable among reasonable jurists. **Id. at 769** (emphasis added). This standard is "closely akin to the traditional 'clearly erroneous standard,'" **Mata v. Johnson,** 99 F.3d 1261, 1267 (5th Cir.), vacated on other grounds, 105 F.3d 209 (5th Cir. 1997), under which "a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from the federal habeas reversal, even if federal courts later reject that view of the applicable precedent." **Id. at 1268.**

Under **Sec. 2254(d),** a federal court in a federal habeas corpus proceeding must first determine whether the federal habeas corpus claims have been **"adjudicated on the merits"** by a state court. **Moore v. Johnson,** 101 F.3d 1069, 1075 (5th Cir. 1996), vacated for further consideration in light of **Lindh,** 117 S. Ct. 2504 (1997); see also **Blackenship v. Johnson,** 106 F.3d 1202, 1204 (5th Cir. 1997) (discussing the three factors which must be considered when determining, if it is not clear, whether a claim has been **"adjudicated on the merits"** in the state courts), opinion vacated on other grounds and superseded, 118 F.3d 312 (5th Cir. 1997). Once it is determined that a claim or claims presented were **"adjudicated on the merits"** in state court, the Court must determine if that adjudication, under the standards set forth in **Drinkard,** "resulted in a decision that was contrary to, or

-8-

CthPDF - www.fenina.com

involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. Sec. 2254(d).

AEDPA was not made retroactive, but applies to all cases after its effective date. <u>Collins v. Johnson,</u> 89 F.3d 210, 216 (5th Cir. 1996).

VII.

## PETITIONER'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### A. STANDARD OF REVIEW

Petitioner filed his federal habeas corpus petition with this Court on July 18, 2000; therefore, his petition is subject to review under the recent amendments to the habeas corpus statutes, embodied within the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. Sec. 2254 (1996); <u>Lindh v. Murphy,</u> 117 S. Ct. 2059, 2063 (1997) (holding that AEDPA applies to petitions filed on or after its effective date, April 24, 1996).

Under the amended Sec. 2254, it is the Respondent's position that Petitioner's claims one through twelve (1-12) are procedurally barred from federal habeas corpus review because he first raised these claims in his application for state writ of habeas corpus. <u>Ex parte Sanchez,</u> No. 40,725-02. Respondent asserted, while addressing Petitioner's claims 1-12, that the trial court found they were procedurally

-9-

CMsPDF - www.festo.com

barred because they had not been raised on direct appeal. The
Texas Court of Criminal Appeals denied Petitioner's state
application for writ of habeas corpus without written
(opinion) order. **Ex parte Sanchez,** No. 40,725-02.

Respondent then asserted that because the denial of
Petitioner's claims 1-12 was based upon an adequate and
independent state procedural rule, these claims are
procedurally barred unless Petitioner can demonstrate cause
and prejudice or a miscarriage of justice, citing **Coleman v.
Thompson,** 501 U.S. 722, 729, 111 S. Ct.2546, 2553 (1991).
Respondent further asserted that Petitioner has not shown
cause and prejudice or that he actually innocent of the crime
for which has was convicted.

However, Respondent went on to (adjudicate) address
Petition's number thirteen (13) claim of ineffective
assistance of counsel, at length. While addressing this (13)
claim, Respondent asserted that the trial court denied all of
claims findings that Petitioner had received effective
assistance of counsel, and specifically that Petitioner had
"failed to prove by a preponderance of the evidence that both
of **Strickland's** prongs have been implicated at either his
guilt-innocence or punishment phases."

Next, Respondent asserted that the Texas Court of
Criminal Appeals in reviewing the Petitioner's claims agreed
with the trial court's decision that Petitioner 's claims
were without merit and also denied relief. Respondent held
that this was an adjudication on the merits, (citing

**Singleton v. Johnson,** 178 F.3d 381, 384 (5th Cir. 1999). Moreover, Respondent asserted that Petitioner has failed to make a showing that he was denied a federal constitutional right that would entitle him to federal habeas corpus relief on this issue, (citing **Millard v. Lynaugh,** 810 F.2d 1403, 1410 (5th Cir.), cert. denied, 484 U.S. 838, 108 S. Ct. 122 (1987).

Lastly, Respondent asserted that Petitioner has not shown that the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented, (citing 28 U.S.C. Sec. (d) (1996).

Sec. 2254(d)(1), places new constraint on the power of a federal habeas court to grant a state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the merits in state court. **Williams v. Taylor,** 120 S. Ct. at 1523. AEDPA also requires federal courts to presume state court factual findings are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence. See 28 U.S.C. Sec. 2254(e)(1).

In **Wilker v. Gibson,** 288 F.3d 1217 (10th Cir. 2000), the Court held, "If[, however, a] claim was not heard on the merits by the state courts, and federal district court made its own determination in the first instance, we review the district court's conclusions of law de novo and its findings

of fact, if any, for clear error." **LaFevers v. Gibson,** 182 F.3d 705, 711 (10th Cir. 1999). If the district court's factual findings are based only on a review of the state court record, we conduct an independent review." See **Smallwood v. Gibson,** 191 F.3d 1257, 1264 n. 1 (10th Cir. 1999), cert. denied, ___ U.S. ___, 121 S. Ct. 88 (2000).

## 2.  ARGUMENT

**Petitioner's claims 1-12 are not procedurally barred from federal habeas corpus review.**

Petitioner's first application for state application for writ of habeas corpus filed in the state court was only to sought to restore the pendency of Petitioner's direct appeal for him to file an out-of-time petition for discretionary review ("PDR") Where his appellate attorney abandoned the appeal without exhausting the appeal. The Texas Court of Criminal Appeals granted Petitioner relief and leave to file an out-of-time petition for discretionary review from his conviction in Cause Number 92-CR-1384-A. The Texas Court of Criminal Appeals refused Petitioner's pro-se PDR, and petitioner filed his second state application for writ of habeas corpus raising thirteen (13) meritorious claims of serious constitutional violations of his rights to a fair and impartial trial. However, two of the thirteen claims which Petitioner raised in his 2254 habeas were raised in his direct appeal. In his direct appeal, Petitioner's appellate counsel raised two points of error; (1) contends that the trial court erred by failing to grant a mistrial because of

-12-

prosecutorial misconduct and, (2) by denying his motion for new trial based on newly discovered evidence. Thereafter, petitioner raised these same two points of error in his pro-se petitioner for discretionary review. These two points of error were incorporated in Petitioner's second state application for writ of habeas corpus as 'Grounds of Error Nos. 10, 11, and 12.' See **Ex paete Sanchez,** No. 40,725-02 at 2-3; 3-80.

**A. The trial court's decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.**

The trial court in addressing petitioner's first twelve claims, held that they were procedurally barred because they had not been raised on direct appeal.

Petitioner contends that the trial court's decision, while addressing petitioner's claims 1-12, was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner contends that the claims raised in his 2254 habeas are not procedurally barred because petitioner had the same attorney at trial and on appeal. Petitioner did not participate in his appellate counsel's decision not to raise the claims that Petitioner raised in his 2254 habeas. 'See **Fay v. Noia,** 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963) and **English v. Cody,** 146 F.3d 1257, 1264 (10th Cir. 1998). Further, the Petitioner did not participate in his appellate counsel's failure to raise these claims on direct

-13-

appeal, and therefore, Petitioner did not deliberately or voluntarily waive claims which he presented in his federal 2254 habeas petition.

In **United States v. Galloway,** 56 F.3d 1239 (10th Cir. 1995) (en banc), the Court held that "claims of ineffective assistance should be brought for the first time on collateral review and that "[n]o procedural bar [would] apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead." **Id. at 1242.** **Galloway** reflects a pragmatic decision based on two equally important considerations. First, although not impossible, it is impractical to comply with the **Kimmelman** imperatives in the direct appeal setting. See **id. at 1240-41.** Second, while justified on the basis of encouraging finality of judgments, forcing criminal defendants to raise ineffective assistance of trial counsel on appeal does not, in fact, further that objective."

In **Murray v. Carrier,** 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), the Court held that, "where a "procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State")."

In the instant case, the Respondent asserted that because the Texas Court of Criminal Appeals agreed with the trial court's decision that Petitioner's claims were without merits, this was a adjudication on the merits. Based on that assertion, the Respondent argued that this federal court

-14-

district court should not address the merits of Petitioner's writ of habeas corpus because he violated the state procedural rule.

Petitioner argues that this federal district court should construed the (unwritten opinion) order of the Texas Court Criminal Appeals as merely denying an evidentiary hearing on procedural grounds, rather than the entire petition on the merits.

In **Osborn v. Shillinger,** 861 F.2d 612 (10th Cir. 1988), the Court held that, "federal habeas review is appropriate under such circumstances. See **Ulster County Court v. Allen,** 442 U.S. 140, 152-54, 99 S. Ct. 2213. 2222-23, 60 L. Ed. 2d 777 (1979)(federal review not precluded if state court reached merits); **Andrews v. Shulsen,** 802 F.2d 1256, 1266 n. 8 (10th Cir. 1986)(same). In the instant case, the Respondent contests this holding, asserting that the state court denied all of Petitioner claims 1-12 on procedural ground for a failure to raise issues on direct appeal. The Respondent argued that Petitioner did not show cause and prejudice for his default.

In his first state application for writ of habeas corpus, Petitioner argued that he was denied effective assistance of counsel on appeal, alleging that his appellate counsel had abandoned petitioner's appeal without fully exhausting the appeal to the higher Court of Criminal Appeals. Even though the Petitioner did not properly argue his appellate counsel's omissions in failing to raise

-15-

meritorious points of error in his direct appeal. However, Petitioner did argue that his appellate counsel was ineffective. The Texas Court of Criminal Appeals granted relief and leave for Petitioner to file an out-of-time petitioner of discretionary review. See **Ex parte Sanchez, Opinion No. 73,355.** Petitioner raised the same two points of errors in his pro-se petitioner for discretionary review to the Texas Court of Criminal Appeals. That Court refused to hear Petitioner's pro-se petition for discretionary review. Petitioner then filed his second state application for state writ of habeas corpus, wherein, he incorporated the same two points of errors in his State writ as, 'Grounds of Error Nos. 10, 11, and 12. The two points of error raised on direct appeal were:

1. The trial court erred in failing to grant Appellant's Several motions for mistrial because of the prejudicial conduct of the prosecuting attorney in persistently disregarding the trial court's rulings concerning previous convictions of Appellant and the fact that he had been in the penitentiary.

2. The trial court erred in denying Appellant's Motion for New Trial based upon newly discovered evidence.

Petitioner argues that these two above cited points of errors were incorporated in his second state application for writ of habeas corpus as grounds of error Nos. 10, 11, and 12; therefore, these claims are not procedurally barred.

B. **ACTUAL INNOCENCE**

Respondents, at page 8 of his motion for summary judgment, stated that Petitioner has shown cause and prejudice or that he is actually innocent of the crime for

-16-

which he was convicted. Petitioner disagree with Respondent assertion that petitioner has not shown he is actually innocent of the crime for which he was convicted, and will show that:

On November 19, 1993, petitioner's appellate counsel filed a motion for new trial based on newly discovered evidence showing Petitioner's innocence. On or about October 29, 1993, Jerrold A. Davidson (now deceased), was Petitioner's appellate counsel and he had received information through Arnoldo Garcia and Chester Gonzalez, an attorney that Arnoldo Garcia had information concerning the testimony of Antonio "Tony Verrett. Tony Verrett was the main prosecution witness in Cause No. 92-CR-1384-A styled <u>State of Texas vs. Steven Gregory Sanchez</u> in which the Petitioner was convicted of killing Pedro Zapata, Jr.

Petitioner's appellate counsel, was advised that Tony Verrett had been placed in the cell with Arnoldo Garcia and another inmate by the name of Jose Gaona on or about October 17, 1993. Jose Gaona and Tony Verrett knew each other. Tony Verrett did not recognize Arnoldo Garcia as being the investigator appointed by the court for the Petitioner.

During a conversation in the cell, <u>Tony Verrett bragged about how he had shot and Killed Pedro Zapata, Jr., over a dope deal and placed the blame on Seven Gregory Sanchez,</u> the Petitioner. Tony Verrett stated that he had worked a deal with the authorities to testify against the Petitioner to

-17-

escape prosecution.

Arnoldo Garcia executed a statement to the effect of part of what Tony Verrett bragged about. The statement was not notarized, however, Arnoldo Garcia did testify in a hearing on the Petitioner's motion for new trial to the contents of what Tony Verrett told him and Gaona.

Jose Gaona would not sign a statement because he knew Tony Verrett and Christian Ontiveros (a girlfriend of the Petitioner) and considered them friends, however, he did indicate to Mr. Jerrold A. Davidson (appellate counsel) that Christina **Ontiveros may have been present when Pedro Zapata, Jr., was killed.**

Petitioner argues that the facts herein above demonstrates that the Petitioner is **actually innocent** of the crimes for which he was convicted. Therefore, has shown a miscarriage of justice and that he is actually innocent of the murder of Pedro Zapata, Jr. See **Sawyer v. Whitley,** 505 U.S. 333, 339-40, 112 S. Ct. 2514, 2519 (1992) and **Smith v. Dixon,** 14 F.3d 956, 974 (5th Cir. 1994), cert. denied, 513 U.S. 841, 115 S. Ct. 129 (1995).

C.    **PETITIONER DID NOT RECEIVE REASONABLE EFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner argues that he had the same counsel at trial and on appeal. See **Kimmelman v. Morrison,** 477 U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).

In **Kimmelman** the Supreme Court set forth reasons why ineffective assistance of counsel claims should be treated

-18-

differently   from   other   habeas   claims   in   considering
procedural bar questions.

In **Mimmelman** the Court explained its rationale as
following:

"Because collateral review will frequently be the only
means through which an accused can effective the right to
counsel, restricting the litigation of some Sixth Amendment
claims to trial and direct review would seriously interfere
with an accused's right to effective representation. A layman
will ordinarily be unable to recognize counsel's errors and
to evaluate counsel's professional performance, consequently
a criminal defendant will rarely know that he has not been
represented competently unit after trial or appeal, usually
when he consults another lawyer about the case. Id."

Therefore, the Petitioner has satisfied both prongs of
the **Strickland requirements.**

**Petitioner contends that his claims 1-13 are not
procedural barred because he had the same counsel at trial
and on appeal, and that he did not participate in counsel's
decision during the litigation of his direct appeal.**

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** the Petitioner
respectfully requests that Respondent Johnson's Motion for
Summary Judgment be denied and the Court grant Habeas Corpus
relief to the Petitioner.

Respectfully submitted,

/s Steven G. Sanchez

STEVEN GREGORY SANCHEZ
TDCJ-ID No. 640839
264 FM 3478 ESTELLE UNIT
HUNTSVILLE, TEXAS 77320-3322

-19-

## CERTIFICATE OF SERVICE

I, Steven G. Sanchez, the Petitioner, do hereby certify that a true and correct copy of the above and foregoing Petitioner's Objection to Respondent Johnson's Motion for Summary Judgment with Brief in Support, has been served by placing same in the U.S. Mail, postage prepaid, on this 22 day of January, 2001, addressed to: JOHN CORNYN, Texas Attorney General's Office, Post Office Box 12548, Capitol Station, Austin, Texas 78711-2548.

/s/ Steven D. Sanchez

STEVEN G. SANCHEZ
TDCJ-ID No. 640839
264 FM 3478 ESTELLE UNIT
HUNTSVILLE, TEXAS 77320-3322

## VERIFICATION

I, **Steven G. Sanchez**, the Petitioner, hereinafter, in the above and foregoing **Petitioner's Objection To Respondent Johnson's Motion for Summary Judgment with Brief in Support**, upon my oath, states that I have read said Objection and do hereby declare under penalty of perjury that the factual allegations of the same are true and correct.

EXECUTED on this _22_ day of January, 2001.


Respectfully submitted,

/s/ _Steven D. Sanchez_
STEVEN G. SANCHEZ
TDCJ-ID No. 640839
264 FM 3478 ESTELLE UNIT
HUNTSVILLE, TEXAS 77320-3322

-21-