

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 0 2001

Michael N. Milby
Clerk of Court

| STEVEN GREGORY SANCHEZ | § | |
|---|---|---|
| VS. | § | NO. B-00-117 |
| GARY L. JOHNSON | § | |

### MOTION TO ALTER OR AMEND JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Steven Gregory Sanchez, Petitioner in the above-captioned cause number and files this his Motion to Alter or Amend the Judgement; respectfully, showing the Court as follows:

I.

ON June 26, 2001 this Court entered an Order granting Respondent's motion for Summary Judgement in this cause. The Court on its own Sua Sponte, granted Respondent's Motion for Summary Judgement based upon the findings that:

1. Petitioner's first twelve (12) allegations are procedurally barred from Federal habeas corpus review because they had not been raised on direct Appeal; and,

2. The thirteenth allegation of ineffective assistance of counsel has no merits, Because Petitioner did not offer any evidence.

II.

1] The Court's Order granting respondent's summary judgement is based upon "PLAIN ERROR", and CONTRARY to the Supreme Court's decision in WILLIAMS V. TAYLOR, 120 S. CT. 1495 (2000); and, CLEARLY CONTRARY to 28 U. S. C. Sec. 2254 (d) (1)(2); PRIMA FACIE evidenced by the following:



-1-

003

### [A]  RESPONDENT'S SUMMARY JUDGEMENT MOTION CONSTITUTES FRAUD UPON THE COURT

2]   Respondent's summary judgement Motion [Which was relied upon by this Court for its Order granting summary judgement to Respondent] is based upon " **FRAUD UPON THE COURT**," and **hinging on the Threads of Judicial perjury; Prima Facie** evidenced, by the following:

### 1.  RESPONDENT'S SUMMARY JUDGEMENT CLAIMS

3]   Respondent in his motion for summary judgement in this case, made the "SWORN' ASSERTIONS that:

(a) Petitioner's allegations no. 1-12 in this federal writ petition, are verbatim the same Allegations presented in the same order as in his second application for state writ;

(b) Petitioner's claim no. 1-12 are PROCEDURALLY BARRED from federal Court review, Due to the state court expressly and unambiguously basing its denial of his second (state) habeas petition on a State Procedural ground; Ex Parte Sanchez, no. 40,725-02;

(c) The state trial court on Petitioner's habeas petition in no. 40,725-02, inter Alia stated:

> " Grounds 1-12 cannot be sustained. As noted, a writs purpose is only to determine the lawfulness of confinement; it is not a substitute for appeal. EX PARTE McGOWEN, 645 S. W. 2D 286, 288 (Tex. Crim. App. 1983). Generally, claims that could have been raised on direct appeal are not cognizable in a post-conviction application. Ex Parte Gardner, 959 S. W. 2d 189,199 (Tex. Crim. App. 1998). Neither a trial court nor an appellate court, either in the exercise of appellate jurisdiction, may entertain an application for writ of habeas corpus where there is an adequate remedy at law. A review of Applicant's direct appeal and pro se petitions supports a finding of Procedural Bar, and Applicant did not explain why these grounds were not previously raised therein."
>
> [See Respondent's Summary Judgement at page 6-7]

## 2. STATE COURT'S PROCEDURAL BAR DENIAL VIOLATED 28 U. S. C. Sec. 2254 (d) (1) & (2)

4]  Under the Amended sec. 2254 (a), state prisoner may not obtain relief

> With respect to any claim that was adjudicated on the merits in
> State Court proceedings unless the adjudication of the claim-
> (2)  Resulted in a decision that was based on an unreasonable
> Determination of the facts in light of the evidence presented
> In state court proceedings.

5]  The state Court's decision in petitioner's state habeas writ no. 40,725-02 was "KNOWINGLY, INTENTIONALLY and WILLFULLY BASED on an UNREASONABLE determination of the facts in light of the evidence presented in state Court writ no. 40,725-02, Ex Parte Sanchez.

6]  The state Court's PRIOR to denying Petitioner's habeas petition on the basis of state Procedural default, had PRIMA FACIE proof that Petitioner's grounds of error nos. 11 & 12; presented on DIRECT APPEAL to the Court of Appeals Thirteenth District at Corpus Christi in cause no. 13-93-350-CR. The Court of appeals written opinion on the two- (2) grounds of error was issued on January 18, 1996.

7]  Because the state trial court KNEW that TWO (2) of Petitioner's state habeas petition grounds were presented on DIRECT APPEAL in case no. 13-93-350-CR; denial of Petitioner's state writ on "PROCEDURAL DEFAULT" Constitutes a GROSS MISCARRIAGE OF JUSTICE," and a denial based upon MISSTATEMENT of LEGAL FACTS in the state Court proceedings.

## 3. STATE COURT RECORDS ESTABLISHES FRAUD UPON THE COURT

8]  The state court records that respondent presented to this Court (Which should have), containing the 13th Court of Appeals opinion of denial on petitioner's direct appeal in case no. 13-93-350-CR; establishes, " PRIMA FACIE" proof that respondent KNEW (or should have known) - - - that his summary judgement motion was based upon a "Plain MISSTATEMENT OF LEGAL FACTS on the claim of Petitioner's PROCEDURAL DEFAULT; failing, to present claims no. 1-12 to ANY state Court; via. Direct appeal. Thus, Respondent's summary Judgement motion constitutes FRAUD upon this COURT, and a Violation of Rule 11 of the Federal rules of Civil Procedure by signing the FALSE PLEADINGS.

## III.

Based upon the Prima facie (factual) evidence stated herin (Supported by state court official records), this Court's Order granting Summary Judgement to respondent; in the Interest of Justice, Must be withdrawn to prevent a GROSS and Fundamental MISCARRIAGE OF JUSTICE.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Motion will be granted in all things, and all of respondent's pleadings, motion's and etc., be stricken from the record in this cause.

RESPECTFULLY SUBMITTED,

*Steven D. Sanchez*
STEVEN GREGORY SANCHEZ
#640839
TDCJ-ID WYNNE UNIT
HUNTSVILLE, TEXAS 77349

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motionto alter or amend judgement has been served upon the Respondent by placing same in the u. s. mail first class postage prepaid, on this 18Th day of July, 2001, addressed to: CAROLYN MERCHAN, ASSISTANT ATTORNEY GENERAL, P. O. BOX 12548, AUSTIN, TEXAS 78711.

*Steven D. Sanchez*
STEVEN GREGORY SANCHEZ