UNITED STATES COURT OF APPEALS
For the Fifth Circuit

U.S. COURT OF APPEALS
FILED
JUL 2 2 2002
CHARLES R. FULBRUGE III
CLERK

No. 01-40868
USDC No. B-00-CV-117

United States District Court
Southern District of Texas
FILED
JUL 2 5 2002
Michael N. Milby
Clerk of Court

STEVEN GREGORY SANCHEZ,

    Petitioner-Appellant,

VERSUS

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

    Respondent-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas

---

ORDER:

  Steven Gregory Sanchez, Texas prisoner #640839, seeks a certificate of appealability (COA) to appeal the district court's grant of summary judgment dismissing his 28 U.S.C. § 2254 petition. Sanchez contends that the state trial court had not found his claims procedurally barred and that it was error to deny his ineffective-assistance-of-counsel claim. A COA will issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies federal habeas relief solely on procedural grounds, "a COA should issue [if] the prisoner shows, at least, that jurists of

ORDER
No. 01-40868

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Here, the state court expressly held that Sanchez's first twelve claims were procedurally barred because Sanchez failed to present them on direct appeal. However, the issue of the denial of Sanchez's motions for new trial and mistrial were not presented on direct appeal.

Thus, Sanchez has shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling only with regard to these issues. However, to be cognizable in habeas corpus, a trial court's error of state law, like improper denials of motions for new trial and mistrial, must infuse the trial with unfairness such that due process of law is denied. See Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir. 1992) (en banc). Sanchez has not demonstrated that the denial of his motions infused the trial with unfairness such that due process of law was denied.

2

O R D E R
No. 01-40868

Consequently, he has not shown that reasonable jurists would debate whether he has stated a valid claim of the denial of a constitutional right regarding these claims.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. See Strickland v. Washington, 46 U.S. 668, 689-94 (1984). On appeal, Sanchez has made no argument that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced thereby. Consequently, he has failed to satisfy his burden under Strickland. Id. at 697; see Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Sanchez's argument that there are genuine issues of material fact whether the denial of his second petition by the state court violated clearly established federal law was not presented to the district court. A new issue cannot be raised for the first time in a COA application. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Sanchez has failed to show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling with regard to his first 10 issues. Slack, 529 U.S. at 484. Sanchez has failed to make a substantial showing of

O R D E R
No. 01-40868

the denial of a constitutional right regarding his last three issues.  See 28 U.S.C. § 2253(c)(2).  His COA application is DENIED.

_____
W. EUGENE DAVIS
UNITED STATES CIRCUIT JUDGE

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

July 22, 2002

United States District Court
Southern District of Texas
RECEIVED
JUL 25 2002
Michael N. Milby, Clerk of Court

Mr Michael N Milby, Clerk
Southern District of Texas, Brownsville
United States District Court
Room 1158
600 E Harrison Street
Brownsville, TX 78520

No. 01-40868 Sanchez v. Cockrell
  USDC No. B-00-CV-117

Enclosed is a certified copy of the judgment issued as the mandate.

Record/original papers/exhibits are returned:

( 2 ) Volumes    (   ) Envelopes    ( 1 ) Boxes

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
Mary Ann Lopiparo, Deputy Clerk
504-310-7684

cc: w/encl:
    Mr Steven Gregory Sanchez
    Ms Coretta T Graham

MDT-1